SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682
Facsimile: (510) 893-9450

Attorneys for Plaintiff
CONNIE ARNOLD

**FILED**
DEC - 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD<br><br>Plaintiff,<br><br>v.<br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC; LE MERIDIEN SAN FRANCISCO; HEI SAN FRANCISCO LLC; and DOES 1-25, Inclusive,<br><br>Defendants._____/ | CASE NO.<br>Civil Rights  C08-5406 JSW<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§§ 54, 54.1, 55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990, 42 USC §§12181 et. seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Complaint for Damages, Injunctive Relief, etc.                      -1-

Plaintiff Connie Arnold complains of Defendants above named, and each of them, and alleges as follows:

### FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION
### (§§19955 Et. Seq., Health & Safety Code,§§54, Et. Seq. Civil Code)

1. Ms. Arnold is a "person with a disability" or "physically handicapped person."[1] Ms. Arnold requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial of disabled accessible entrances, counters, seating, restaurants, bars, guest rooms, rest rooms, signage, transportation, and related facilities to Ms. Arnold and other disabled persons at the Le Meridien Hotel in San Francisco, California. Ms. Arnold was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Ms. Arnold was denied her rights to full and equal access at the Hotel and Restaurants because they were not, and are not, properly accessible to disabled persons such as Ms. Arnold who use wheelchairs. Ms. Arnold seeks injunctive relief to require that Defendants make the Hotel and Restaurants accessible to disabled persons and to ensure that any disabled person who attempts to use the Hotel and Restaurants will be provided accessible entrances, counters, seating, restaurants, bars, guest rooms, rest rooms, signage, transportation, and related facilities. Ms. Arnold also seeks recovery of damages for her personal and physical

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

Complaint for Damages and Injunctive Relief     -2-

injuries and discriminatory experiences and seeks recovery of reasonable attorneys' fees, litigation expenses, and costs, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Ms. Arnold's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Ms. Arnold's causes of action arose in said intradistrict.

6. Defendants and DOES 1-10, Inclusive, are the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Hotel, Restaurants, property, and facilities which are the subject of this action. The Hotel and Restaurants, property, and facilities are "public accommodations or facilities" subject to the requirements of California Health & Safety Code §19955 et seq. and the California Civil Code's Disabled Person's Act. On information and belief, the Hotel and Restaurants, property, and facilities have, since July 1, 1970, either been constructed and/or undergone "alterations, structural repairs, or additions" subjecting them to disabled access requirements per §19959 Health & Safety Code.

7. The true names and capacities of Defendants DOES 11 through 25, Inclusive, are unknown to Ms. Arnold who therefore sues said Defendants by such fictitious names; Ms. Arnold is informed and believes that each of the Defendants

Complaint for Damages and Injunctive Relief                           -3-

herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and the proximate cause of injury and damages to Ms. Arnold. Ms. Arnold prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-25, Inclusive, are and/or were the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Hotel and Restaurants, property, and facility during all times relevant to this Complaint. Ms. Arnold is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Ms. Arnold and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of Health & Safety Code §19955 et. seq. Ms. Arnold is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City and County of San Francisco, State of California.

10. §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include Hotels and Restaurants.  Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of new construction and/or each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title

24 whenever there is such new construction or whenever each such "alteration, structural repair or addition" is carried out. On information and belief, the original construction of the building and alterations, structural repairs, or additions which additionally triggered access requirements also may have occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

      11.    On her birthday, July 28, 2008, Ms. Arnold, who requires the use of a wheelchair for mobility, arrived at the Hotel with her mother for a two night stay. Upon her arrival in and during her stay at the Hotel, Ms. Arnold encountered numerous barriers to access, including but not necessarily limited to the following: a counter in the Hotel lobby registration area which was too high; a guestroom with a door that was too heavy and which she could not open, inaccessible dial type light switches on hanging cords in the guestroom, an inaccessible clothes closet in a tall wooden wall closet, a bathroom with unreachable amenities with a wire basket that blocked the entry to the bathroom, a granite walled inaccessible roll in shower that was too small and which caused Ms. Arnold great difficulty, a bathroom floor tile which is slick and slippery when wet which frightened Ms. Arnold and which caused her great anxiety due to her concern that she would fall and break a bone on the granite floor, and glass shelves in the bathroom that were too high; a Park Grill Restaurant with a reception counter that was too high, no accessible tables , and a bar counter without a lowered section and without disabled accessible seating; a public restroom that served the Grill which was inaccessible; a lobby bar without a lowered counter; and a concierge counter that was too high, all in violation of federal and state disabled access laws, statutes, and regulations. In addition, Ms. Arnold became aware that the Hotel offered complimentary transportation in a Hotel Car to, among other places, Fisherman's Wharf. Although she wished to be transported to the Wharf to have dinner there with a friend, a staff person told her that the house

Complaint for Damages and Injunctive Relief       -5-

1. car is not accessible for persons in wheelchairs.

12. In addition to the barriers to access that Ms. Arnold personally encountered, Ms. Arnold is informed and believes and thereon alleges that the Hotel and Restaurants and related facilities have other barriers to access in violated of federal and state disabled access laws and regulation.

13. Ms. Arnold has standing to require that Defendants remove all mobility barriers to access at the Hotel and Restaurants and facilities and bring them into compliance with federal and state disabled access laws and regulations. The Court should require that Defendants bring the property and Hotel and Restaurants into compliance with all applicable federal and state disabled access laws and regulations.

14. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of California Civil Code's Disabled Person's Act, thus independently justifying an award of damages and injunctive relief pursuant to California law.

15. **INJUNCTIVE RELIEF:** Ms. Arnold seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Ms. Arnold and other members of the public who are physically disabled wheelchair users from full and equal access to the Hotel and Restaurants and their facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Ms. Arnold in that these actions continue to treat Ms. Arnold as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Ms. Arnold is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this Hotel and

Restaurants and their facilities. Until Defendants make the Hotel and Restaurants and their facilities accessible to and useable by Ms. Arnold, she is deterred from returning to the Hotel and Restaurants and their facilities. Ms. Arnold wishes to return to the Hotel and Restaurants as soon as they are accessible to her in compliance with federal and state laws and regulations. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Ms. Arnold if not enjoined by this court.

16.    **DAMAGES:** As a result of the denial of equal access to the facilities of the Hotel and Restaurant and their facilities, and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the Hotel, Restaurants, and facilities, Ms. Arnold suffered a violation of her Civil Rights including but not limited to rights under §§54 and 54.1 Civil Code, and suffered physical injury, discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions constituted discrimination against Ms. Arnold on the sole basis that she was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the Hotel and Restaurants and their facilities on a full and equal basis as other persons. Ms. Arnold also seeks trebling of all actual damages, general and special, as provided by said Civil Code §54.3.

17.    **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Ms. Arnold has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Ms. Arnold's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Ms. Arnold therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of the federal Americans With Disabilities Act and California Civil Code Statutes.. Additionally,

Complaint for Damages and Injunctive Relief            -7-

1  Ms. Arnold's lawsuit is intended not only to obtain compensation for damages to Ms.
2  Arnold, but also to force the Defendants to make their facilities accessible to all
3  disabled members of the public, justifying "public interest" attorneys' fees, litigation
4  expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

5  18. Ms. Arnold asks this court to preliminarily and permanently enjoin
6  any continuing refusal by Defendants to grant access to Ms. Arnold and to require
7  Defendants to comply with the applicable statutory and regulatory requirements
8  relating to access for disabled persons. Such injunctive relief is provided by §19953
9  Health & Safety Code and California Civil Code's Disabled Person's Act, and other
10 law. Ms. Arnold further requests that the court award damages pursuant to
11 California Civil Code's Disabled Person's Act and other law and statutory costs and
12 attorney fees pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55,
13 Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

14  Wherefore Ms. Arnold prays for relief as hereinafter stated:

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

17  19. Ms. Arnold repleads and incorporates by reference, as if fully set forth
18 again herein, the allegations contained in Paragraphs 1 through 18 of this
19 Complaint, and incorporates them herein as if separately repled.

20  20. Pursuant to law, in 1990 the United States Congress made findings per
21 42 USC §12101 regarding physically disabled persons, finding that laws were
22 needed to more fully protect "some 43 million Americans [with] one or more
23 physical or mental disabilities;" that "historically society has tended to isolate and
24 segregate individuals with disabilities;" that "such forms of discrimination against
25 individuals with disabilities continue to be a serious and pervasive social problem;"
26 that "the Nation's proper goals regarding individuals with disabilities are to assure
27 equality of opportunity, full participation, independent living and economic self
28

Complaint for Damages and Injunctive Relief      - 8 -

sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

21. Congress stated the following as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)):

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

22. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are a Hotel and Restaurant, bar or other establishment serving food or drink. (§301(7)(B) and "...a Hotel, motel or other place of lodging." (301 (7) (A).

23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

24. Among the specific prohibitions against discrimination were included: §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices

Complaint for Damages and Injunctive Relief -9-

or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Ms. Arnold's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25. The removal of each of the barriers complained of by Ms. Arnold were at all times mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. On information and belief, access in certain particulars were also required by either new construction and /or alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

26. As of the dates of Ms. Arnold's stay at Le Meridien, and as of the date of the filing of this Complaint, the premises denied full and equal access to Ms. Arnold and to other disabled wheelchair users, violated Ms. Arnold's rights to full and equal access, and discriminated against Ms. Arnold on the basis of her

disability, thus wrongfully denying to Ms. Arnold the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises continue on a day to day basis to deny Ms. Arnold and other disabled persons such full and equal access.

27. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. Arnold is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Arnold is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Ms. Arnold and of other disabled persons to access this public accommodation since on or before Ms. Arnold's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

28. Ms. Arnold seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. Arnold is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the facilities.

Wherefore Ms. Arnold prays for relief as hereinafter stated:

## PRAYER

1. Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees ,and/or franchisors and /or franchisees of the subject Hotel and Restaurants and facilities to modify the above described

Complaint for Damages and Injunctive Relief                -11-

facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Ms. Arnold and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Ms. Arnold all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and treble damages pursuant to Civil Code Section 54.3.

4. Award to Ms. Arnold a reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by federal and state law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: 12/1/08

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By _____
Sidney J. Cohen
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Ms. Arnold hereby demands a jury for all claims for which a jury is permitted.

Dated: 12/1/08

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By _____
Sidney J. Cohen
Attorney for Plaintiff

Complaint for Damages and Injunctive Relief              -12-